[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The applicant herein, the Connecticut Post Mall Limited Partnership (hereinafter "Conn. Post Mall"), has moved to discharge a mechanic's lien placed upon property owned by it and located in the City of Milford. The lien was placed thereon on April 29, 1991 by K L Fire Protection Systems, Inc. (hereinafter "K L"), a subcontractor doing work on the premises. The application alleges that there is not probable cause to sustain the validity of the lien and requests it discharge.
At the hearing on the discharge of the lien the evidence showed K L entered into a contract (Exhibit A) with Poerio Incorporation of Pittsburgh, Pa. to install a sprinkler system for the J.C. Penney facility at the Conn. Post Mall. Complications arose over the contract and on March 4, 1991 the contract was terminated. (See Exhibit 1). As indicated above, K L caused a lien to be placed upon the property for the work which it had performed. There remains due and owing to K L the sum of $85,000.00.
On May 31, 1991 K L filed a petition in bankruptcy pursuant to Chapter 11 of the U.S. Bankruptcy Code.
The Conn. Post Mall has filed an application to discharge the CT Page 9451 lien. K L objects to the discharge basing these objections on, (1) that the bankruptcy filing creates an automatic stay to any further proceedings in this matter, and (2) that the lien should not be discharged based upon the merits of the case.
The filing of the bankruptcy petition does not operate as a stay of these proceedings. "The object of statutory provisions in the bankruptcy code allowing the court to say until final decree the commencement of proceedings against the debtor is to allow the court to maintain the status quo of the debtor by restraining other proceedings which would impede the reorganization effort by bringing about the liquidation of the debtor's property or assets." Matter of Staundco Developers v. Inc., 534 F.2d 1051, 1052 (2nd Cir. 1976).
In this action the applicant is not moving against the debtor but is merely seeking to discharge a lien upon property which does not belong to the debtor. K L's property is in no way affected nor are its rights abridged by the plaintiff seeking to discharge the mechanic's lien. The argument that the defendant is entitled to an automatic stay is without merit.
As for the waiver of lien the language of the contract clearly demonstrates that the defendant waived his right to such a lien upon the execution of the contract. Section 21 of the contract. (Exhibit A).
The court therefore grants the applicant's request to discharge the mechanic's lien. The lien is hereby discharged.
Curran, J.